IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOGRAPHIC LOCATION INNOVATIONS LLC | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| U-HAUL INTERNATIONAL, INC. | § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Geographic Location Innovations LLC ("Plaintiff" or "GLI") files this Complaint against U-Haul International, Inc. ("Defendant" or "U-Haul") for infringement of United States Patent No. 7,917,285 (hereinafter "the '285 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Rd, Suite 400, Plano, TX  75093.

4. On information and belief, Defendant is a Defendant U-Haul is a Nevada corporation with its principal place of business at 2727 N. Central Ave., Phoenix, Arizona 85004.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,917,285)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '285 Patent with sole rights to enforce the '285 Patent and sue infringers.

11. A copy of the '285 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12. The '285 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe

one or more claims, including at least Claim 13, of the '285 patent by making, using (at least by having its employees, or someone under Defendant's control, test the System), importing, selling, and/or offering for sale a mobile website with associated hardware and software (the "System") covered by one or more claims of the '285 patent. Defendant has infringed and continues to infringe the '285 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. The System includes the mobile website and associated hardware. These tools provide for remote entry of location information, such as store locations into a positional information device such as, for example, a table or smart phone. The website automatically loads nearby store locations onto the positional information device based on the user's location.

15. On information and belief, the System includes one or more servers that receive a request for an address of at least one location such as, for example, the location of a store nearby the user, which is not already stored in the positional information device.

16. On information and belief the server(s) determine the address of the store(s) and transmits the determined address(es) to the positional information device. For example, the server(s) transmits to the positional information device a visual indication of the store(s) on a map. The following screenshot shows this functionality:



17. The positional information device includes a locational information module (e.g., GPS hardware), which Defendant uses, and which determines the location of the positional information device.

18. The System includes a communications module (e.g., cellular or WiFi components in the positional information device), which Defendant uses, and which receives the determined address(es) from the server(s).

19. The System includes a processing module (e.g., mapping software and the mobile website), which Defendant uses, and which receives the determined address(es) from the communication module. The processing module determines route guidance based on the location of the positional information device and the determined address(es). The screen shot below illustrates this feature:



20. The System includes a display module (e.g., screen on the positional information device) for displaying the route guidance.

21. The System includes a communications network (e.g., cellular network) for coupling the positional information device to the server(s).

22. On information and belief, the server(s) receives a time and date (e.g., the time

and date of the request for a location) associated with the requested location(s) and transmits the associated time and date with the determined address(es) to the positional information device and the positional information device displays the determined address at the associated time and date.  For example, the time and date of the request must be sent to the server(s) so that the server(s) can determine traffic conditions associated with varying routes to the requested location and display location and route conditions corresponding to the time and date of the request.  The screen shot below illustrates this feature:



23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined

and restrained by this Court.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,917,285 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 30, 2016          Respectfully submitted,


                                  */s/ Jay Johnson*
                                  **JAY JOHNSON**
                                  State Bar No. 24067322
                                  **D. BRADLEY KIZZIA**
                                  State Bar No. 11547550
                                  **KIZZIA JOHNSON, PLLC**
                                  1910 Pacific Ave., Suite 13000
                                  Dallas, Texas 75201
                                  (214) 451-0164
                                  Fax: (214) 451-0165
                                  jay@kjpllc.com
                                  bkizzia@kjpllc.com

                                  **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A